**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW DELANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:26-cv-00039-ACL |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY and CONSOLIDATED ) | |
| EDISON, INC., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>**

Self-represented Plaintiff Andrew Delaney brings this civil action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*  ECF No. 1 at 1. The matter is now before the Court on two motions to proceed *in forma pauperis* (or without prepayment of fees and costs) filed by Plaintiff.  ECF Nos. 2 & 4.  Having reviewed the motions and the financial information submitted in support, the Court will grant the second motion (ECF No. 4), deny the first motion (ECF No. 2) as moot, and waive the filing fee for this matter.  *See* 28 U.S.C. § 1915(a)(1).

As Plaintiff is now proceeding *in forma pauperis* in this action, his pleadings are subject to review under 28 U.S.C. § 1915(e)(2).  Based on such review, the Court will require Plaintiff to show cause as to why this action should not be dismissed for lack of proper venue.  *See* 28 U.S.C § 1406(a).  The Court warns Plaintiff that his failure to comply with this Order will result in dismissal of this action.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Amended Complaint[1]**

Self-represented Plaintiff Andrew Delaney brings this ERISA action against defendants Metropolitan Life Insurance Company ("MetLife") and Consolidated Edison, Inc. ("ConEd") for alleged wrongful distribution of life insurance proceeds. ECF No. 1 at 1. He seeks approximately $404,000 in damages. *Id.*

Plaintiff states that he was appointed as the administrator of his father George J. Delaney, Sr.'s estate by the Surrogate's Court of the State of New York, Westchester County. *Id.* at 2. George Delaney was employed by ConEd for approximately 40 years and was covered by a ConEd-sponsored group life insurance policy, issued by MetLife with a face value of approximately $404,000. *Id.* at 3. George Delaney and Plaintiff's mother, Maura T. Delaney, divorced in 1985, at which time, Plaintiff alleges that "the Appellate Division of the Supreme Court of the State of New York, First Department, issued a binding order dated October 8, 1985, awarding all of Mr. Delaney's life insurance policies to Maura T. Delaney and directing that she be designated as beneficiary." *Id.* Plaintiff states that he is "also a beneficiary of the Estate of Maura T. Delaney." *Id.* at 2-3.

George Delaney died on November 8, 2016, and Maura Delaney died 8 days later. *Id.* at 4. According to Plaintiff, despite Maura Delaney being the "sole lawful beneficiary of the Policy proceeds," she was only paid $192, 792.91, while an additional $211, 207.09 was distributed to 8 other individuals "based on an alleged Con Edison beneficiary designation form." *Id.*

---

[1] Plaintiff filed an Amended Complaint in this matter (ECF No. 3) before the Court could review his initial Complaint (ECF No. 1) under 28 U.S.C. § 1915. Because an amended pleading completely replaces the prior pleading, the Court will only discuss the allegations of the Amended Complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005); *Yaritz v. Dep't of Corrs.*, No. 23-2457, 2024 WL 3218545, at *1 (8th Cir. June 28, 2024) (per curiam).

Plaintiff argues that "Defendants knew or should have known that the beneficiary form conflicted with a valid domestic relations order that had been judicially affirmed." As a result, Plaintiff asserts that "Defendants' actions deprived [him] and his late mother's estate of the full Policy proceeds and constituted a breach of fiduciary duty, improper denial of benefits, and unlawful plan administration under ERISA." *Id.* He brings 3 legal claims for relief: (1) "Recovery of Benefits and Enforcement of Rights" under ERISA § 502(a)(1)(B); (2) "Breach of Fiduciary Duty and Equitable Relief" under ERISA § 502(a)(3); and (3) "Failure to Honor Binding Domestic Relations Order / Federal Common Law." *Id.* at 4.

## Plaintiff's Other Litigation

Independent review of records from other courts indicates that Plaintiff is an active litigant. In December 2024, he brought an action in Missouri state court against 3 corporations for intentional infliction of emotional distress, defamation, civil conspiracy, intentional interference with contract/business expectancy, and invasion of privacy. *Delaney v. HC2, Inc. d/b/a Hire Counsel, et al.*, No. 25SL-CC00333 (21st Jud. Cir.) (other named Defendants include Wilmer Cutler Pickering Hale & Dorr LLP and Toyota Motor North America Inc). After holding a hearing on Defendants' motion to dismiss, the Missouri Court dismissed Plaintiff's case on February 3, 2026 for lack of personal jurisdiction and failure to state a claim. According to the pleadings and the Court's findings in that case, Plaintiff Delaney is a United States citizen who resided in Thailand and the Philippines for 50 years, had temporary employment as a contractor in New York, filed for bankruptcy in the Eastern District of New York, and has been involved in lawsuits in New York, Florida, and Massachusetts. Ultimately, the Missouri Court found that it lacked sufficient minimum contacts over the defendant corporations to satisfy due process requirements for general

jurisdiction related to Plaintiff's legal claims.  It also ruled that Plaintiff failed to allege facts necessary to state the essential elements of his claims.

A review of Plaintiff's name in PACER, the Public Access to Court Electronic Records for the United States Federal Courts, also reveals that Plaintiff has been an active litigant in many cases across the country—many of which involve the same corporate defendants which he sued in Missouri court.  *See Delaney v. Wilmer Cutler Pickering Hale & Dorr LLP*, No. 1:26cv1712 (D. D.C. filed May 7, 2026); *Delaney v. HC2*, No. 1:24cv6287 (S.D. NY filed Aug. 20, 2024) (dismissed Jan. 3, 2025); *Delaney v. HC2*, No. 1:24cv5211 (S.D. NY filed July 10, 2024) (dismissed July 18, 2024).

### Show Cause Regarding Proper Venue

Liberally construing the allegations of the Complaint and assuming Plaintiff's assertions as true that he has standing to bring this suit, that this suit is properly brought under ERISA, and that he has completed the required exhaustion, the Court questions whether this District is the proper venue for this ERISA action.

Plaintiff states that venue is appropriate in this judicial district based on 29 U.S.C. § 1132(e)(2) because he resides in the Eastern District of Missouri,[2] because Defendants transact business within the District, and because MetLife is registered to do business within the State of Missouri.  ECF No. 1 at 2.  However, based on a review of the pleadings, it appears that Plaintiff is attempting to enforce a Court order issued by a New York state court.  Furthermore, he is contesting the distribution of life insurance proceeds paid under a plan based on decedent George Delaney's employment with defendant ConEd.  Although Plaintiff states that ConEd has a

---

[2] The Court is unclear as to whether Plaintiff resides in Missouri because in his recent filing in the District of Columbia Court, he provided a mailing address located in the State of Texas.  *See Delaney v. Wilmer Cutler Pickering Hale & Dorr LLP*, No. 1:26-cv-1712 (D. D.C. filed May 7, 2026).

subsidiary located in Missouri, he does not allege that Decedent was employed by ConEd in Missouri or that the plan at issue was administered in Missouri.  In fact, an exhibit attached to the Amended Complaint indicates that George Delaney's employment was in New York.  *See* ECF No. 3-1 at 4 (letter to defendant ConEd concerning the life insurance proceeds at issue was sent to a mailing address in New York, New York).

According to ERISA's jurisdiction provision 29 U.S.C. § 1132(e)(2), when an ERISA action is brought "in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  In another ERISA case in this Court, proper venue was found to be where the plaintiff was employed by the defendant and where the transactions that were the basis of the lawsuit took place.  *Friesen v. Gen. Motors Corp.*, 759 F. Supp. 560, 564 (E.D. Mo. 1991) (stating "[v]enue is proper in this Eastern Division of the Eastern District of Missouri as plaintiff was employed by defendant here and the transactions that are the basis of this lawsuit took place here.").  Such is not the case here.

Plaintiff alleges a breach of fiduciary duty and unlawful ERISA plan administration by Defendants regarding distribution of life insurance policy proceeds.  Based on the facts alleged, neither the alleged breach nor the unlawful plan administration occurred in the State of Missouri. It appears that the transactions that are the basis of this lawsuit took place in the State of New York and that also appears to be where the ERISA plan was administered.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought.  Because venue appears to

be improper in this District, this Court believes that Plaintiff's action is subject to either dismissal or transfer.

Plaintiff will be given 30 days to show cause as to why this action should not be dismissed for lack of proper venue.  Specifically, Plaintiff should inform the Court of all other litigation that has occurred on the current claims before the Court and provide case numbers and citations.  This includes any Court proceedings concerning the administration of the estates of George and Maura Delaney, that occurred following their 2016 deaths, and any legal matters filed concerning the distribution of the life insurance proceeds at issue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second motion for leave to proceed *in forma pauperis* [ECF No. 4] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff's first motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that within **30 days** of the date of this Order, Plaintiff shall show cause why this action should not be dismissed for lack of proper venue.

Dated this 24th day of June, 2026.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

-7-